UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRET C. KIFER and JENNIFER A. KIFER,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 13-6085 RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Defendant American Family Mutual Insurance Company's ("American Family") Motion for Partial Summary Judgment Re: *Olympic Steamship* Fees. Dkt. 37. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

This case arises from an insurance coverage dispute following a November 3, 2012 fire at Plaintiffs' personal residence. Dkt. 1. At the time of the fire, Plaintiffs had an insurance policy with Defendant, policy number 46-BD7584-01. Dkt. 18-1. Plaintiffs make claims for breach of contract and for violations of the duties of good faith and fair dealing found in the Washington Administrative Code 284-30-330. Dkt. 1. American Family now moves the Court for a ruling

- 1

that Plaintiffs are not entitled to any attorneys' fees under *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wash.2d 37 (1991) because there has been no denial of coverage. For the reasons set forth below, the motion should be granted.

**RELEVANT FACTS**

The facts and procedural history are contained in this Court's Order on Defendant's Motion to Compel Appraisal (Dkt. 25, at 1-3) and the Order on Defendant's Motion to Confirm Appraisal Award Re: Contents Claim (Dkt. 35, at 1-2), and are adopted here.

Pursuant to the appraisal awards, American Family has now paid $419,515.19 for the structure and $328,095.27 for the contents. Dkt. 38. As of November 6, 2014, it has paid $90,000 in "ALE" benefits (for the fair rental value of the premises if uninhabitable) under the policy. *Id.* It has further agreed to pay ALE benefits in full, with a termination of benefits as of January 11, 2015. *Id.*

The discovery deadline is December 21, 2014, the dispositive motions deadline is January 20, 2014, and trial is set to begin on April 20, 2015. Dkt. 29.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

1  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some
2  metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a
3  material fact exists if there is sufficient evidence supporting the claimed factual dispute,
4  requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty*
5  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*
6  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

7      The determination of the existence of a material fact is often a close question. The court
8  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –
9  e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.*
10 *Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor
11 of the nonmoving party only when the facts specifically attested by that party contradict facts
12 specifically attested by the moving party. The nonmoving party may not merely state that it will
13 discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial
14 to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).
15 Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not
16 be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

17     **DISCUSSION**

18     In Washington, an insured may recover attorney's fees "in any action where the insurer
19 compels the insured to assume the burden of legal action, to obtain the full benefit of his
20 insurance contract. . . ." *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wash.2d 37 (1991).
21 *Olympic Steamship,* however, applies only when the insurer wrongfully denies coverage.
22 *Greengo v. Public Employees Mut. Ins. Co.*, 135 Wash.2d 799 (1988)(*internal citations omitted*).
23 It does not apply if value of the claim is in dispute. *Id.*; *Woo v. Fireman's Fund Ins. Co.*, 150
24

Wash. App. 158, 175-76 (2009)(denying motion for award of attorneys' fees noting that "*Olympic Steamship* authorizes an award of attorney fees only if the insured is required to litigate an issue of coverage, as opposed to the value of the claim.")

To the extent that Plaintiffs seek attorneys' fees under *Olympic Steamship,* that claim should be dismissed. The dispute in this case was not over coverage. American Family accepted coverage. American Family's Motion for Partial Summary Judgment Re: *Olympic Steamship* Fees (Dkt. 37) should be granted.

Further, Plaintiffs failed to respond to the motion. Pursuant to Local Rule W. D. Wash. 7(b)(2), "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." The Court should so construe Plaintiffs' failure to respond.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- Defendant American Family Mutual Insurance Company's Motion for Partial Summary Judgment Re: *Olympic Steamship* Fees (Dkt. 37) is **GRANTED**; and
- To the extent that Plaintiffs seek attorneys' fees under *Olympic Steamship,* that claim is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 1st day of December, 2014.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge