UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRET C. KIFER and JENNIFER A. KIFER,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 13-6085 RJB<br><br>ORDER ON DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER AND PLAINTIFFS' RENEWED MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' Renewed Motion to Compel Production of Documents from Defendant (Dkt. 86) and Defendant American Family Mutual Insurance Company's ("American Family") Renewed Motion for Protective Order (Dkt. 88). The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein.

This case arises from an insurance coverage dispute following a November 3, 2012 fire at Plaintiffs' personal residence. Dkt. 1. At the time of the fire, Plaintiffs had an insurance policy with Defendant, policy number 46-BD7584-01. Dkt. 18-1. Plaintiffs make claims for breach of contract, for violations of the duties of good faith and fair dealing found in the Washington Administrative Code ("WAC") 284-30-330 pursuant to the Insurance Fair Conduct Act, RCW 48.30.010, *et seq.* ("IFCA"), and for violations of Washington's Consumer Protection Act ("CPA") RCW 19.86, *et seq.* Dkt. 72.

ORDER - 1

The instant motions are partial renewals of prior motions that were denied without prejudice. Dkt. 82. Plaintiffs now renew, in part, their motion to compel certain documents listed in Defendant's Third Supplemental Privilege Log. Dkt. 86. Defendant renews a motion for the issuance of an order protecting it from having to produce those documents. Dkt. 88.

## RELEVANT FACTS

The background facts are in the February 10, 2015 Order on Defendant's Motion for Partial Summary Judgment and Plaintiff's Motion for Leave to Amend Complaint (Dkt. 62, at 2-5) and are adopted here. That order denied Defendant's motion for a ruling that Plaintiffs' claims based on the WAC violations pursuant to the IFCA be dismissed because there has been no denial of coverage and granted Plaintiffs' motion for leave to amend their complaint to add a claim for violation of the Washington State Consumer Protection Act, RCW 61.24.127(a)(b). *Id.* Plaintiffs filed their First Amended Complaint on February 18, 2015. Dkt. 72.

On February 16, 2015, Defendant moved for the issuance of an order protecting it from having to produce documents which were generated after October 2, 2013 (the date Plaintiffs notified the Washington State Insurance Commissioner of their complaint against Defendant) and which were withheld as privileged because they were attorney-client materials, work product materials and/or created in anticipation of litigation. Dkt. 63. Defendant alternatively asserted that those documents generated after November 1, 2013 (the date Plaintiffs' filed this case) and which it asserted were privileged should be protected. *Id.* Plaintiffs did not directly respond to the motion for protective order, but, instead filed a Motion to Compel (Dkt. 67). In that motion to compel, Plaintiffs sought, in part, an order compelling Defendant to produce bates stamped documents #21, #62, #82 and #83. Dkt. 67. Plaintiffs also moved for an order compelling Defendant to produce the documents identified in pages 4-7 of Defendant's Supplemental

ORDER ORDER ON DEFENDANT'S RENEWED
MOTION FOR PROTECTIVE ORDER AND
PLAINTIFFS' RENEWED MOTION TO COMPEL-
2

1  Privilege Log. Dkt. 67. In its Supplemental Privilege Log, Defendant asserted "attorney-client

2  privilege, anticipation of litigation and work product" as to each of these documents. Dkt. 68-3, at

3  2-7.

4      On March 16, 2015, both motions were denied. Dkt. 82. In regard to these motions, the

5  order provided:

6    Defendant's motion for a protective order as to (Dkt. 63) should be denied without
      prejudice. The Court is unable to discern under the current record, whether any of
7    the documents at issue are protected by the work product doctrine. None of the
      documents were filed in support of the motion, under seal (See Local Rule W. D.
8    Wash. 5(g)), or otherwise. Moreover, Plaintiffs have pointed out that the
      Defendant's Supplemental Privilege Log is not sufficiently clear as to
9    all the entries. Descriptions such as "American Family Claims File Log after
      10/02/12– Date of IFCA Suit Notice" or "Document/image log note after 10/02/12–
10   Date of IFCA Suit Notice" are not enough to determine whether the doctrine
      applies. Defendant has not yet shown good cause for issuance of a protective
11   order. Plaintiffs' blanket motion to compel all of these documents (Dkt. 67)
      should also be denied without prejudice. Certain entries in the Defendant's
12   Supplemental Privilege Log, such as "American Family Claim File Log–entry re:
      meeting with legal," are sufficient.
13   To the extent Plaintiffs move for an order compelling Defendant to provide a
      more detailed Privilege Log and Supplemental Privilege Log (Dkt. 67), that
14   motion should be granted. Defendant should be ordered to provide a more
      detailed Privilege Log and Supplemental
15   Privilege Log to Plaintiffs by April 3, 2005. Parties are strongly urged to resolve
      this dispute on their own without court intervention. Only absolutely necessary
16   motions should be filed.

17  Dkt. 82, at 9-10.

18      Parties here certify that they have conferred and attempted to resolve these discovery

19  disputes pursuant to Fed. R. Civ. P. 37(a)(1), to no avail. These motions followed.

20      The trial is set to begin on July 6, 2015. Dkt. 44.

21                              **DISCUSSION**

22

23

24
ORDER ORDER ON DEFENDANT'S RENEWED
MOTION FOR PROTECTIVE ORDER AND
PLAINTIFFS' RENEWED MOTION TO COMPEL-
3

Under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), federal courts sitting in diversity jurisdiction, as is the case here, apply state substantive law and federal procedural law. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

## A. DISCOVERY GENERALLY AND MOTION FOR PROTECTIVE ORDER STANDARD

Under Fed. R. Civ. P. 26 (b)(1):

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

"The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.12 (1978)(*quoting* 4 J. Moore, Federal Practice ¶ 26.56 [1], p. 26-131 n. 34 (2d ed. 1976)). "At the same time, discovery, like all matters of procedure, has ultimate and necessary boundaries. Discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Id.*, at 351-352.

Fed. R. Civ. P. 26(c) "Protective Orders" provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:  (A) forbidding  the disclosure or discovery . . . (D) forbidding inquiry into that certain matters, or limiting the scope of disclosure or discovery to certain matters. . .

Rule 26(c)(1).

## B. PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

As stated in the prior order, Washington substantive law applies to claims of attorney-client privilege. Dkt. 82, at 7. Federal law governs assertions of work product protection. *See United*

ORDER ORDER ON DEFENDANT'S RENEWED
MOTION FOR PROTECTIVE ORDER AND
PLAINTIFFS' RENEWED MOTION TO COMPEL-
4

1  *Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 965-66 (3d Cir.1988); *Lexington Ins. Co. v.*
2  *Swanson*, 240 F.R.D. 662, 666 (W.D. Wash. 2007).  Defendant asserts that these documents are
3  protected by the work product doctrine. Dkts. 88, at 7 and 90, at 9.

4      Under Fed. R. Civ. P. 26(b)(3), the work-product doctrine protects from "discovery
5  documents and tangible things that are prepared in anticipation of litigation or for trial by or for
6  another party or its representative." *See also United States v. Richey*, 632 F.3d 559, 567 (9th Cir.
7  2011). Where a document was not prepared exclusively for litigation (it serves a dual purpose),
8  "then the 'because of' test is used." *Id.* "Dual purpose documents are deemed prepared because of
9  litigation if 'in light of the nature of the document and the factual situation in the particular case,
10 the document can be fairly said to have been prepared or obtained because of the prospect of
11 litigation.'" *Id.* "[C]ourts must consider the totality of the circumstances and determine whether the
12 document was created because of anticipated litigation, and would not have been created in
13 substantially similar form but for the prospect of litigation" in applying the "because of" standard.
14 *Id.*, at 568 (*internal quotations omitted*).

15     In support of their motions, parties have advanced different arguments for various groups
16 of bates stamped documents listed in Defendant's Third Supplemental Privilege Log.  This
17 opinion will be organized in a similar fashion.

18     1.  <u>Assertion of Privilege Before IFCA Complaint or Suit was Filed</u>

19     Plaintiff argues that Defendant should be compelled to produce redacted bates stamped
20 documents #62, #82, #83, #2264, and #2290 because these documents were written and
21 designated as work product before the IFCA complaint or this case was filed.  Defendant seeks
22 an order protecting it from disclosing the same documents.

23

24

1    As to these documents, Plaintiffs' motion (Dkt. 86) should be denied and Defendant's

2 motion (Dkt. 88) should be granted. In regard to these entries, the log states "Log–entry: meeting

3 with legal (Wells) regarding related legal issues" and includes the author's name. Dkt. 87-1, at 2-3

4 and 7. Plaintiffs point to no authority that a complaint has to be filed in order for a party to

5 prepare documents for litigation. Defendant has made a sufficient showing that these documents

6 were prepared in anticipation of litigation, and that good cause exists for protecting them. These

7 documents: #62, #82, # 83, #2264, and #2290 should be protected.

8    2.  <u>Adequacy of Description in Privilege Log</u>

9    Plaintiffs argue that redacted bates stamped documents #2081, #2139 ( dated 01/02/14),

10 #2140, #2141, #2353, and #2356 in Defendant's Third Supplemental Privilege Log are again

11 insufficiently described in order to properly assert the privilege and so Defendant should be

12 compelled to produce them. Defendant argues that these documents were produced in

13 anticipation of litigation because they were created after either the ICFA Complaint was filed or

14 after this lawsuit was filed and so are privileged.

15    Under Fed. R. Civ. P. 26(b)(5)(A)(ii)

16   When a party withholds information otherwise discoverable by claiming that the
     information is privileged or subject to protection as trial-preparation material, the
17   party must:
     (i) expressly make the claim; and
18   (ii) describe the nature of the documents, communications, or tangible things not
     produced or disclosed--and do so in a manner that, without revealing information
19   itself privileged or protected, will enable other parties to assess the claim.

20    Plaintiffs' argument is well taken. Despite having already been given an opportunity to

21 supplement the log, Defendant has again failed to adequately describe these documents.

22 Document #2081 has a description of "[a]ctivity record after 10/2/13 Date of IFCA Suit Notice,"

23 Documents #2139 (dated 01/02/14), #2140, #2141 provide only: "Document/image log–note after

24
ORDER ORDER ON DEFENDANT'S RENEWED
MOTION FOR PROTECTIVE ORDER AND
PLAINTIFFS' RENEWED MOTION TO COMPEL-
6

1  11/1/2013–Date Litigation Commenced" and Documents #2353 and #2356 are described as "Claim

2  file notes/entries re: peril after 10/02/13–Date of IFCA Suit Notice." Dkt. 87-1, at 4-7.  Defendant

3  has not "described the nature of the documents . . . in a manner that . . . will enable other parties to

4  assess the claim." Defendant's argument that further description of the document would waive the

5  privilege is unavailing. Some additional information could be provided. Defendant should be

6  given one last opportunity to supplement its privilege log to describe bates stamped documents

7  #2081, #2139 ( dated 01/02/14), #2140, #2141, #2353, and #2356 in sufficient detail so that the

8  Plaintiffs and the Court can assess the assertion of the privilege.  Such supplement should be

9  provided to the Plaintiffs within two weeks of this order.

10          3.   <u>Appraisal Related Documents and a Property Investigation Report</u>

11          Plaintiffs argue that Defendant should be compelled to turn over redacted bates stamped

12  documents #21, #2215 (dated 01/07/14), #2219 and withheld bates stamped documents #19

13  (dated 11/19/13), #19-20, #20 (dated 10/23/13), #2217 (dated 11/8/13), #2218 (dated 10/23/13

14  and 10/10/13) because they all relate to post suit appraisals and appraisal is an ordinary activity

15  contemplated under the policy.  Plaintiffs also argue that Defendants should be compelled to turn

16  over withheld bates stamped documents #2369-2372 arguing that this "Property Investigation

17  Report" was created in the ordinary course of business and so is not protected by privilege.

18  Defendant moves for an order protecting these documents.

19          Plaintiffs' motion to compel (Dkt. 86) should be denied and Defendant's motion (Dkt. 88)

20  should be granted as to redacted bates stamped documents #21, #2215 (dated 01/07/14), #2219

21  and withheld bates stamped documents #19 (dated 11/19/13), #19-20, #20 (dated 10/23/13, #2217

22  (dated 11/8/13), #2218 (dated 10/23/13 and 10/10/13), and #2369-2372.  Defendant properly

23  points out that these documents were created after the ICFA Complaint had been filed and the

24  ORDER ORDER ON DEFENDANT'S RENEWED
MOTION FOR PROTECTIVE ORDER AND
PLAINTIFFS' RENEWED MOTION TO COMPEL-
7

1  parties were engaged in a dispute over the value of the claims. Although these documents were
2  likely not prepared exclusively for litigation, Defendant has shown that the documents were
3  prepared "because of the prospect of litigation." *Richey*, at 567-568. It has shown that the
4  documents "would not have been created in substantially similar form but for the prospect of
5  litigation." *Id*. Further, it has shown good cause for their protection from disclosure.

      4. <u>Other Documents Mentioned in the Motions and Plaintiffs' Motion for Costs</u>

Plaintiffs move for an order compelling Defendants to turn over withheld bates stamped documents #2073-2080, #2125-2138, #2351-2352, and #2355. Defendants move for an order protecting these documents.

Plaintiffs' motion (Dkt. 86) should be denied and Defendant's motion granted as to withheld bates stamped documents #2073-2080, #2125-2138, #2351-2352, and #2355. These documents are described as "[a]ctivity record after 11/1/2013–Date Litigation Commenced re lawsuit and litigation strategy," or "[c]laim file notes/entries re: peril after 11/1/2013 Date Litigation Commenced - re litigation strategy and lawsuit." Dkt. 87-1, at 9 and 11. Defendant properly points out that Plaintiff failed to articulate a basis for compelling these documents. Defendant sufficiently demonstrated good cause for their protection.

Plaintiffs' motion for costs associated with bringing their motion should be denied. Plaintiffs did not prevail on a majority of the motion and there is no basis to award costs.

## **ORDER**

Therefore, it is hereby **ORDERED** that:

- Plaintiffs' Renewed Motion to Compel Production of Documents from Defendant (Dkt. 86) **IS:**

- o **DENIED WITHOUT PREJUDICE** as to redacted bates stamped documents #2081, #2139 ( dated 01/02/14), #2140, #2141, #2353, and #2356 in Defendant's Third Supplemental Privilege Log; and
- o **DENIED** in all other respects; and
- Defendant American Family Mutual Insurance Company's Renewed Motion for Protective Order (Dkt. 88) **IS:**
  - o **DENIED WITHOUT PREJUDICE** as to redacted bates stamped documents #2081, #2139 ( dated 01/02/14), #2140, #2141, #2353, and #2356 in Defendant's Third Supplemental Privilege Log; and
  - o **GRANTED** in all other respects; and
- Within two weeks of this order, Defendant **SHALL** supplement its Third Supplemental Privilege Log regarding redacted bates stamped documents #2081, #2139 ( dated 01/02/14), #2140, #2141, #2353, and #2356 in Defendant's Third Supplemental Privilege Log.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 5th day of May, 2015.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER ORDER ON DEFENDANT'S RENEWED MOTION FOR PROTECTIVE ORDER AND PLAINTIFFS' RENEWED MOTION TO COMPEL- 9